IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEATRICE STEVENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4564-L** |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Nationwide Property and Casualty Insurance Company's ("Defendant" or "Nationwide") Motion for Summary Judgment (Doc. 30), filed December 30, 2013. Plaintiff Beatrice Stevenson ("Plaintiff" or "Stevenson") did not file a response to Defendant's motion. After careful consideration of the motion, summary judgment evidence, and applicable law, the court, for the reasons stated herein, **grants** Defendant's Motion for Summary Judgment.

**I.     Background**

On October 18, 2012, Stevenson filed Plaintiff's Original Petition and Request for Disclosure against Defendant in County Court at Law Number 3 of Dallas County, Texas. Plaintiff's claims include: (1) breach of contract; (2) violation of Section 542 of the Texas Insurance Code; (3) violation of the Deceptive Trade Practices Act; (4) violation of Section 541 of the Texas Insurance Code; (5) breach of duty of good faith and fair dealing; (6) fraud; and (7) conspiracy to commit fraud. Plaintiff also states that Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights

letters to Plaintiff. Plaintiff seeks damages, plus prejudgment interest, attorney's fees, additional damages, and exemplary damages. This case was removed by Defendant on November 13, 2012, on the grounds that diversity of citizenship exists between the parties and that the amount of controversy exceeds $75,000, exclusive of interest and costs.

Plaintiff contends that she is the owner of an insurance policy issued by Defendant with the assigned policy number 575429 ("Policy"). Plaintiff states that she owns the insured property, which is located at 2923 Strain Ct., Lancaster, Texas 75134 ("Property"). She states that on April 3, 2012, strong storms and tornadoes in North Texas caused severe damage to her home. She submitted a claim to Defendant for damage, water damage, hail damage, windstorm damage, and mold damage to the Property as a result of the storm. Plaintiff states that she asked Defendant to cover the cost of repair to the Property pursuant to the Policy and any other available coverages under the Policy. She states that Defendant assigned claim number 78 42 HO 575429 04032012 01 to her claim. Plaintiff contends that Defendant's adjuster failed to properly adjust the claim made by Plaintiff. Additionally, she contends that Defendant has denied at least a portion of the claim without an adequate investigation. She asserts that Defendant has failed to compensate her adequately under the terms of the Policy.

Plaintiff also contends that Defendant misrepresented to her that the damage or a portion of the damages to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Additionally, she states that Defendant failed to explain to her its reasons for its offer of an inadequate settlement. Plaintiff also contends that Defendant failed to affirm or deny coverage of her claim within a reasonable period of time.

Defendant has filed a motion for summary judgment, stating that Plaintiff has no evidence to support any of her stated claims. Defendant states that it paid over $150,000 in policy proceeds in response to her claim. Defendant states that no genuine dispute of material fact exists as to any additional amount that is due or owed. Plaintiff did not respond to Defendant's motion.

## II.     Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense

to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Defendant filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed

when no response or opposition is filed. *Id*. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, Plaintiff's pleadings are not verified and, therefore, she has presented no summary judgment evidence. Accordingly, the court accepts Defendant's facts and evidence as undisputed.

### III.  Undisputed Facts

The following material facts are undisputed:

1)  Plaintiff is the owner of an insurance policy issued by Defendant.

2)  Plaintiff owns the insured property located at 2923 Strain Ct., Lancaster, TX 75134.

3)  On April 3, 2012, storms and tornadoes struck Dallas County, Texas.

4)  The storms on April 3, 2012, caused damage to Plaintiff's property.

5)  Plaintiff submitted a claim to Defendant for damage caused by the storm.

6)  In response to Plaintiff's claim, Defendant paid a portion, but not all, of Plaintiff's requested amount.

### IV.  Analysis

Defendant contends that Plaintiff has no evidence to support any of her asserted claims.[1] Plaintiff filed this action contending that Defendant did not pay the full amount to which she was entitled for the loss that she suffered. Plaintiff Stevenson acknowledges that she was at least partially paid, as she states that Defendant "refused to *fully compensate* Plaintiff under the terms and

---

[1] Defendant labels its motion for summary judgment as a "no-evidence type of summary judgment," which is a creature of Texas Rule of Civil Procedure 166a(i). The court, however, will analyze the motion using the applicable standard under Federal Rule of Civil Procedure 56 as previously set forth.

**Memorandum Opinion and Order - Page 5**

conditions of the Policy . . . ." Pl.'s Original Pet. ("Petition") 5 (emphasis added). Plaintiff also argues that Defendant did not "adequately compensate" her and that Defendant failed to accept or deny her "*full and entire* claim within the statutory mandated deadline of receiving all necessary information." Pet. 3, 5. Despite arguing that she was not paid fully, Plaintiff never states any amount that she may have actually received from Defendant.

Nationwide argues that it has paid over $150,000 in policy proceeds in response to Plaintiff's claim and contends that there is no genuine dispute of material fact regarding any additional amount that is due or owed to Plaintiff. In other words, Defendant acknowledges that it paid a portion of the claim and did not pay some parts of the claim. Therefore, from what the court can ascertain, there is no dispute that Defendant has not paid all that Plaintiff requested. Defendant also argues that there is no evidence supporting any of Plaintiff's claims of breach of contract, violations of Section 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, violations of Section 541 of the Texas Insurance Code, breach of duty of good faith and fair dealing, fraud, and conspiracy to commit fraud. Plaintiff did not file a response indicating the amount that she believes would lead to full compensation and, therefore, she has filed nothing to dispute Defendant pointing out the absence of evidence to support her claims. Plaintiff has also not provided any evidence that would support any of her additional claims.

Defendant pointed out that there is no evidence to support Plaintiff's case by stating that it had already paid Plaintiff $150,000 in proceeds for her claim and by stating that Plaintiff had no evidence to support any of her additional claims.[2] Stevenson did not respond to Defendant's motion

---

[2] Defendant need not disprove Plaintiff's claims, but need only to show that Plaintiff, who bears the burden of proof, has adduced no evidence to support an element essential to her claims. *See Teply v. Mobil Oil Corp.*, 859 F.2d 375, 379 (5th Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

**Memorandum Opinion and Order - Page 6**

for summary judgment and did not come forward with any competent summary judgment evidence of the existence of a genuine dispute of material fact. Stevenson, the party opposing summary judgment, is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports her claim. She has not provided such evidence. Therefore, Defendant's motion for summary judgment will be granted, as there is no genuine dispute of material fact regarding any of Plaintiff's claims, and Defendant is entitled to judgment as a matter of law.

## V.     Conclusion

For the reasons stated herein, the court **determines** that no genuine dispute of material fact exists as to any of Plaintiff's claims, and Defendant is therefore entitled to judgment as a matter of law. Accordingly, the court **grants** Defendant's Motion for Summary Judgment, and this action is **dismissed with prejudice**. The court will enter a judgment in favor of Defendant by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 4th day of April, 2014.

Sam A. Lindsay
United States District Judge